IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN A. KRANKEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 99-cv-4299-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Respondent. ) | |

# **MEMORANDUM and ORDER**

**REAGAN, District Judge:**

On March 14, 1997, after a five-day trial, a jury convicted John Krankel of conspiracy to manufacture and distribute methamphetamine, in violation of Sections 841(a)(1) and 846 of Title 21 of the United States Code. On July 25, 1997, Krankel was sentenced to a term of 360 months imprisonment, a fine of $2,000, and five years of supervised release.

The United States Court of Appeals for the Seventh Circuit affirmed the conviction and sentence on December 31, 1998. *United States v. Krankel*, **164 F.3d 1046 (7th Cir. 1998)**. Krankel moved to vacate and set aside his sentence under **28 U.S.C. § 2255** on December 22, 1999. Krankel filed an amended § 2255 motion on October 16, 2000. The Government responded to both motions. This Court denied Krankel's amended § 2255 motion in its entirety on February 8, 2002.

On March 8, 2002, Krankel appealed the denial of § 2255 relief. This Court denied a certificate of appealability on September 3, 2002. The Seventh Circuit construed Krankel's notice of appeal as a motion for a certificate of appealability and denied that motion on January 24, 2003.

1

On February 6, 2003, Krankel filed a motion for relief under Rule 60(b)(6) in this Court, alleging a deprivation of his 5th and 6th Amendment rights to effective assistance of counsel at trial, on appeal and at the § 2255 hearing. On May 12, 2003, the undersigned Judge ruled that the motion was a successive § 2255 filing which was not properly before this Court.

Nearly two years later, Krankel filed a "Motion to Reopen Judgment in Habeas Proceeding Pursuant to Rule 60(b)(6) and Rule 54." The Government filed a response on June 3, 2005. Krankel filed a reply brief on July 14, 2005.

Stated simply, Krankel does not have this Court's permission to commence a second or successive collateral attack. A second or successive § 2255 motion cannot be filed by a criminal defendant unless it is certified by a panel of the Court of Appeals. Paragraph 8 of **28 U.S.C. § 2255** provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain-
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense;
> or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Krankel's instant motion is an improper, successive § 2255 motion which cannot be filed unless certified by a panel of the Seventh Circuit.

Krankel now claims that his § 2255 attorney was ineffective. Krankel advanced the same claim in his previous Rule 60(b)(6) challenge. As with Krankel's prior Rule 60(b)(6) motion, the current request for relief is not properly before this Court. "Appellate courts agree that a post-

judgment motion under Fed.R.Civ.P. 60(b)...is a 'second or successive' application for purposes of a § 2244(b)." ***Burris v. Parke*, 130 F.3d 782, 783 (7th Cir.),** *cert. denied*, **522 U.S. 990 (1997)**. Krankel is merely attempting to bypass the certification requirement before the Court of Appeals while continuing to allege in improper, successive § 2255 filings that his attorney was ineffective.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") placed stringent restrictions on the filing of second or successive habeas corpus petitions. The convicted defendant under § 2255 is allowed only one further bite at the apple after his direct appeal unless he can demonstrate a compelling reason, defined as newly discovered evidence of innocence or a new and retroactive rule of constitutional law, before being allowed a third bite. ***In re Davenport*, 147 F.3d 605, 610 (7th Cir. 1998)**. "[A] Rule 60(b)(6) motion cannot be used to circumvent restraints on successive petitions for habeas corpus." ***Banks v. United States*, 167 F.3d 1082, 1083 (7th Cir. 1999)**.

> Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions or other custody-creating or -enhancing punishments by styling their collateral attacks as motions for reconsideration under Rule 60(b). There must be no circumvention of those restrictions by classifying a collateral attack as a Rule 60(b) motion.

***Dunlap v. Litscher*, 301 F.3d 873, 875 (7th Cir. 2002),** *cert. denied*, **537 U.S. 1140 (2003)**.

In *Melton v. United States,* **359 F.3d 855 (7th Cir. 2004)**, the Court stressed that prisoners cannot avoid the AEDPA's rules by merely using inventive captioning in styling their motions. The Court further stated that any motion filed in the district court that imposed the sentence which falls substantively within the scope of § 2255 ¶ 1 is a motion under § 2255, no matter what title the prisoner plasters on the cover. *Id.* **at 857**. Krankel's current motion is a successive, improper § 2255 motion, despite his creative attempt to title it otherwise.

Krankel captioned this motion as a request to reopen judgment in habeas proceeding pursuant to Rule 60(b)(6).  In ***Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000),** ***cert. denied*, 531 U.S. 1199 (2001)**, the Court stated: "Rule 60(b) relief is an extraordinary remedy granted only in exceptional circumstances."  Instead of presenting exceptional circumstances, Krankel has resurrected arguments this Court previously rejected.  This request for relief pursuant to Rule 60(b)(6) is nothing more than a reconstituted § 2255 petition which cannot be brought before this Court unless a panel of the Seventh Circuit certifies the application.

Krankel also contends that a final habeas judgment was not entered in this case under Rule 54 of the Federal Rules of Civil Procedure, and this Court failed to determine the merits of the actual claims in the amended § 2255 motion.  "Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties."  ***R.D. Lottie v. West American Insurance Company*, 408 F.3d 935, 938 (7th Cir. 2005)**.  A final habeas judgment was indeed entered in this case when Krankel's amended § 2255 motion was denied in its entirety on February 8, 2002 (*see* Doc. 49).  Thus, the assertion that a final habeas judgment was not entered under Rule 54 is inaccurate.

This Court finds Krankel's request for relief under Rule 60(b)(6) and Rule 54 is a reconstituted § 2255 petition which cannot be brought before this Court unless a panel of the Seventh Circuit Court of Appeals certifies the application.

4

Because it lacks subject matter jurisdiction, this Court **DISMISSES** Krankel's April 22, 2005 motion (Doc. 64).

**IT IS SO ORDERED.**

**DATED this   20th  day of July, 2005.**

                                        **s/Michael J. Reagan**
                                        **MICHAEL J. REAGAN**
                                        **United States District Judge**